UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

RLS GROUP, INC.,
a Michigan corporation,   Civil Action No. 2:05 CV 73024

        Plaintiff,   Hon. Denise P. Hood
           Magistrate Judge Mona K. Majzoub
v.

HARRINGTON, INC.,
a Pennsylvania corporation,

        Defendant.

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff, RLS Group, Inc. ("Plaintiff"), and Defendant, Harrington, Inc. ("Defendant"), collectively the "Parties," are engaged in discovery in the above-captioned action (the "Action");

WHEREAS, the Parties anticipate that they will engage in written and deposition discovery, and in the course thereof the Parties expect they will exchange documents, information and other tangible materials, as well as deposition testimony; and may make available for inspection certain documents and other tangible items (collectively the "Discovery");

WHEREAS, the Parties will exchange Discovery which is confidential and proprietary and/or for which a Party has a duty to protect against disclosure and therefore the Parties wish to keep the Discovery confidential and disclose only to each other for the purposes of asserting the claims and defenses in this action;

1

WHEREAS, the Parties recognize the need to expedite discovery, and desire to adopt an efficient and practical procedure for handling the Discovery without incurring significant but potentially unnecessary expenses to conduct confidentiality reviews prior to disclosure as Discovery;

WHEREAS, for the foregoing reasons the Parties desire to enter into this Stipulated Protective Order ("Protective Order");

NOW, THEREFORE, the Parties agree as follows:

1  1.   For purposes of this Protective Order, "Confidential Information" shall be interpreted to mean information that is Confidential and/or proprietary to the producing party.  Such information may include, but is not limited to: technical, research or development information; engineering drawings or test data; commercial, financial, budgeting or accounting information; existing or potential customer information; sales, revenue, margins, profit or cost of production information; marketing studies, performance and projections; business strategies, decisions or negotiations; personnel compensation, evaluations or other employment information; and information about affiliates, parents, subsidiaries and third parties with whom the parties to this section have had actual or potential business relationships; and shall include any and all documents, information and other tangible materials produced during the course of discovery, as well as deposition testimony, which the producing party wishes to protect.

2  2.   To designate documents, information, other tangible items or deposition testimony as a Confidential Information, the producing party shall identify it as "Confidential" by marking it "Confidential – Subject to Protective Order" or as

"Confidential" or in a similar fashion.  Documents may be designated "Confidential" at the time produced.  Answers to interrogatories may be designated "Confidential" at the time served.  Portions of tangible items such as machines, their components, drawings, diagrams, and resulting products considered "Confidential" by the producing party or a third party having a right to make such an assertion shall be designated "Confidential" by the producing party at the time of the production.  Portions of deposition testimony may be designated "Confidential" at the time of the deposition or within thirty days of the producing party's receipt of the typed transcript of the deposition testimony.  All other discovery shall be designated "Confidential" at the earliest reasonable time consistent with the time limits stated above.  In the event that Confidential Information is inadvertently produced without the producing party designating it as such, that Party may designate the material "Confidential" upon discovery of the error and the receiving Party shall act in good faith to subsequently treat such inadvertently disclosed information as Confidential Information.

3   3.   The Parties agree that Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties, employees of the Parties with a need to know, witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action.  To the extent any Confidential Information is provided to any Party's witnesses, employees of the Parties with a need to know, consultants, or expert witnesses, each witness, consultant, or expert witness shall agree in writing by signing a completed Confidentiality Agreement, attached to this Protective Order as Exhibit A, prior to

receiving any Confidential Information, that he or she shall be bound by the terms of this Protective Order. A Party shall have ten (10) days to object to the proposed recipient of Confidential Information, and that objection period must pass before the proposed recipient may receive the Confidential Information. If objected to, the proposed recipient shall not receive Confidential Information until the dispute is resolved by the parties or the Court. A Party shall provide the other Party with a signed copy of the Confidentiality Agreement and an explanation of the individual or entity signing and their expected involvement in this Action. If a Party's witness, consultant, or expert witness refuses to agree in writing to the Protective Order and that he or she shall be bound by the terms of this Protective Order, the Parties agree that, until the Parties are able to resolve the issue or seek resolution of the issue from the Court, no Confidential Information may be disclosed.

4    4.    Nothing in this Protective Order prevents any Party from disclosing Confidential Information to the Court or a jury empanelled at the trial of this case, subject to such protections as the Court may order with respect to the treatment of such Confidential Information at trial. Counsel for the Parties shall so inform the Court and opposing counsel as far in advance as possible that it intends to disclose such Confidential Information during a Court proceeding and the Court may take such steps, at the request of opposing counsel or on its own initiative, as it deems necessary to preserve the status of such Confidential Information.

5    5.    The Parties and all persons subject to the provisions of this Protective Order agree to use Confidential Information solely and exclusively for purposes of

preparing for, conducting, and participating in and pursuing the claim and defenses of this Action, and not for any other litigation, and not for any other business purpose, personal purpose, or other purpose whatsoever.

6   6.   Nothing in this protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Information produced or exchanged; provided however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential Information produced by another party if that disclosure would be contrary to the terms of this protective Order.  Further, nothing in this protective Order prevents any outside attorney from advising his or her clients regarding general strategy so long as the attorney does not disclose the contents of any Confidential Information in any manner contrary to the terms of this protective Order. The parties reserve the right to contest a designation or obtain a waiver of the provisions of this Order from the Court for the purpose of rendering advice to his or her client if the parties cannot work out a suitable resolution on an ad hoc basis.

7   7.   The Parties' agreement to treat Confidential Information in accord with the terms of this Protective Order shall not be deemed an agreement that such information (a) constitutes or contains confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information, or (b) is relevant to any matter at issue in the Action.  Each Party reserves the right to object to or to seek

an appropriate order limiting any use which any other Party may seek to make of such Confidential Information either in discovery or at the trial of the Action.

8    8.    The Parties agree that no copies of Confidential Information will be made except as necessary for the purposes of this Action. If it becomes necessary to include information obtained from Confidential Information or to use such Confidential Information in any court filing, then any such filing shall be made under seal pursuant to this Protective Order. The Court shall keep such Confidential Information under seal; provided, however, that access to such Confidential Information filed with the Court shall be afforded to the Court, to the Court's staff and to counsel for the undersigned parties.

9    9.    The provisions of this Protective Order shall survive and remain in full force and effect after the final conclusion of the Action, including any appellate proceedings, whether by settlement or adjudication. The Court shall retain jurisdiction to resolve any dispute concerning the disclosure of information produced hereunder. Upon the final conclusion of this Action including any appeals, all Confidential Information, and all copies, extracts, summaries, facsimiles thereof, electronically, optically, or magnetically stored information of any kind including, without limitation, diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents"), shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media. A sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each

Party and by counsel for each Party and delivered to all Parties upon request by any Party.

10. The Parties agree that, in the interest of facilitating an expeditious discovery process, groups or categories of documents may be marked "Confidential." Nothing herein deprives a party of the right to challenge a confidentiality designation at any time. The Parties further agree that they will attempt to reach agreement with each other on the confidentiality of any item before bringing any challenge to the attention of the Court. If the Parties cannot reach agreement, then the Party seeking a change in the status of such information shall seek the other parties consent in writing to eliminate or change the designation within five (5) days, then the challenging party may file an appropriate motion with the Court seeking to change the designation of the material or information at issue. If a non-designating party challenges the confidentiality or seeks to change the designation of information produced pursuant to this Order, the designating person or party shall have the burden of establishing the confidential nature of the material and/or the proper characterization thereof.

11. This Protective Order shall have no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information.

12. The Parties agree that nothing herein is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine or any other immunity.

13. This Protective Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

14. Any individual or entity who becomes a Party to this Action and who has not subscribed to this Protective Order as of the time it is presented to the Court for approval and entry may thereafter become a Party to this Protective Order by having its counsel sign and date a copy thereof and filing same with the Court and serving such signed copy upon the other Parties to this Protective Order.  An individual or entity who is not a party to this action shall have no standing to enforce the terms of this Protective Order with respect to information produced as Discovery in this Action.

15. This Protective Order is the entire agreement between the Parties.  It may not be amended in any manner whatsoever except by an agreement in writing, signed by counsel of record for each Party and adopted by Order of this Court.

IT IS SO ORDERED this 15th day of February, 2006.


s/ DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Stipulated to by:

By:     s/Joseph Burgess
    Joseph G. Burgess (P41621)
    BURGESS LAW OFFICE, PLLC
    691 N. Squirrel Rd., Suite 110
    Auburn Hills, MI 48326
    Telephone: 248-364-0200
    Facsimile: 248-364-9604

    Robin A. Asher (P47931)
    CLARK HILL PLC
    Woodward Avenue,
    Suite 3500
    Detroit, MI 48226-3485
    Telephone: 313-965-8300
    Facsimile: 313-965-8252

Attorneys for RLS Group, Inc.

By:     s/Linda Kennedy
    R. Terrance Rader (P28747)
    Leigh C. Taggart (P63765)
    Linda D. Kennedy(P64692)
    RADER, FISHMAN & GRAUER, PLLC
    39533 Woodward Avenue, Suite 140
    Bloomfield Hills, MI 48304
    Telephone: 248-594-0600
    Facsimile: 248-594-0610

Attorneys for Harrington, Inc.

## **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

I, _____, declare as follows:

     1.    I have received and read the Stipulated Protective Order ("Protective Order") attached hereto.  I agree to be bound by the terms of the Protective Order.  In particular, I understand that I am not to disclose material marked as "Confidential," or otherwise designated pursuant to the Protective Order, to any person not specifically authorized by the Protective Order.

     2.    I understand that unauthorized disclosure of documents and information designated as "Confidential" may constitute contempt of Court.

     3.    I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of this Protective Order in this Action.

     4.    I acknowledge that at the termination of the case or my involvement therein, I am obliged to promptly return or destroy all information designated "Confidential" under the Protective Order.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____                     _____
                                                                 Declarant